INTERNATIONAL REGISTER CO. v. RECORDING FARE REGISTER CO. et al.

(Circuit Court, D. Connecticut. October 30, 1903.)

No. 1,121.

1. CONTEMPT—VIOLATION OF INJUNCTION.
Whether or not a preliminary injunction, restraining defendants from filing a certain class of orders or contracts, applied to a particular contract, *held*, under the circumstances of the case, to be a question which the court would not determine on a motion to punish defendants for contempt, but only after a hearing on the merits.

In Equity. On motion to punish defendants for contempt.

Walter Carroll Low, for plaintiff.
White, Daggett & Tilson, for defendants.

PLATT, District Judge.   On April 21, 1903, the defendants were restrained from doing various things, and, among others, from "filling or attemping to fill any of the orders ,or contracts of the New Haven Car Register Company," and also from "using any and all information in reference to the business of the New Haven Car Register Company obtained by the defendants, or any of them, while in its employ, and which information could only have been obtained by the confidential relationship existing by such employment."   The defendants sought to dissolve the injunction, and, after a protracted hearing, I refused, on the 9th day of May, 1903, to dissolve or modify the injunction in any material respect, on condition that the plaintiff file a bond of $5,000, which the plaintiff did.

The trouble arises out of the transaction whereby the plaintiff acquired possession and control of the New Haven Car Register Company, which ·culminated at New Haven on March 17, 1903.   Under the bargain then made, the New Haven Company turned over all its property to the plaintiff, and agreed not to fill or attempt to fill any orders or contracts which it had received, with a few unimportant exceptions.   Certain members of the New Haven Company, and other parties whom they influenced to associate themselves with them in the enterprise, believing that an opportunity for successful competition in the same line of goods presented itself, organized the defendant company, and began business at New Haven.   At the time of the original injunction order the defendants had obtained and were preparing to fill an order to supply the Boston Suburban Electric Company with certain equipments relating to a car registering device, which the complainant claims the right to fill under the terms of its contract.   The defendants halted in their work on the order, awaiting the outcome of the motion to dissolve.   Upon learning that the injunction had been continued in force, they decided, under advice of counsel, to go ahead and finish the order.   That defendants are filling the order is made the basis of the request for punishment in contempt, and they frankly admit the fact, but say they have a right to do so.   Counsel were heard in court, and have filed briefs which set forth their respective claims with much ability.   My action is undoubtedly awaited with interest by all parties.   Uncertainty as to the bearing of the injunction upon the Boston order was avowedly the main reason for the motion to dissolve the injunction.   In refusing the motion I saw no reason for taking up that special branch of the inquiry.   Every clause of the injunction was warranted by the evidence before me, and it seemed premature and unwise to attempt a settlement, at that time, of the contention which had arisen over the Boston order.   The defendants, by their motion to dissolve, sought an answer to the puzzle then; the plaintiff, by its present motion, asks for an answer now.   The defendants' request was denied, and nothing has since transpired which entitles the plaintiff to any different treatment.   It is a matter which, from every point of view, should await settlement until the hearing on the merits.

Let the defendants be discharged from the proceedings in contempt.